UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:
LOUIS TINO FISHER                                            Case No.: 19-19710-RBR
                                                             Chapter 13

           Debtor(s).
_____ /

**<u>DEBTOR'S RESPONSE TO CREDITOR THEODORE ROBERTS'</u>**
**<u>MOTION TO DISMISS CASE (ECF 10)</u>**

COME(S) NOW the Debtor, LOUIS TINO FISHER, by and through the undersigned attorney, and files this response to Creditor Theodore Roberts' Motion to Dismiss Case (ECF 10) and would state as follows:

**<u>FACTUAL BACKGROUND</u>**

1.  The Debtor, and property co-owner Loretta Leonard, entered into a prepetition contract with Creditor to sell his homestead property located at 5440 NW 12th Court, Lauderhill, FL 33313 on December 18, 2018. The contact was scheduled to close on or before January 18, 2019.

2.  The Debtor and Co-Owner refused to close by the deadline and at all times thereafter.

3.  As a result, Creditor filed an action for specific performance in the Seventeenth Judicial Circuit in Broward County Florida, Case No. 19-006197 (09) CACE. Creditor was granted summary judgment, which required the Debtor and Co-Owner to close on the property no later than August 1, 2019.

4.  The Debtor filed this Chapter 7 case on July 22, 2019.

5.  The Debtor listed Theodore Robert's as a creditor in the amount of $252,000.00 on Schedule F (ECF 1, Page 22 of 45), which is the contract sale price of the homestead property.

6.  The Debtor's amended schedules additionally reject the executory contract to sell the

homestead property.

6. The Debtor is a disabled veteran and is confined to a wheelchair. The Debtor's income consists of VA disability and social security. The homestead property which is the subject of this dispute is specifically equipped for Mr. Fisher's disabilities, and it is very difficult for him to move to another property quickly or find a replacement home that suits his disability needs.

7. The Debtor was unrepresented in the state court specific performance lawsuit. The Debtor requested additional time from the state court judge to retain counsel, but was denied, and the lawsuit proceeded quickly to summary judgment.

8. The Debtor's refusal to close on the property was based on the fact that he believed he was tricked into selling the property by the realtor. The Debtor and the Co-Owner were told by the realtor that they could move to another, specific property which suited Mr. Fisher's disabilities without coming up with any out of pocket monies. This was the only reason they agreed to the sale at the sale price, and after they signed the sale contract it was apparent that no such other property was available and they had nowhere to go.

## ARGUMENT

This case was not filed in bad faith and should not be dismissed accordingly. In this case, the Debtor filed because he had no other state law remedies to stop the forced sale of his homestead property. Many bankruptcy courts have concluded a right to specific performance is a claim dischargeable under the Bankruptcy Code. In the case *In re: Rabin*, 05-121395-RAM (opinion at ECF 33) Judge Mark concluded that a specific performance claim under Florida law is a "claim" under §10l(5) of the Bankruptcy Code and is therefore dischargeable. Claim is defined in §101(5) to include "the right to an equitable remedy for breach of performance if such breach gives rise to a right to payment ..." §101(5)(B). Courts have concluded that claim should be construed broadly.

Ohio v. Kovacs, 469 U.S. 274, 279 (1985); Epstein v. Official Comm. Of Unsecured Creditors, 58 F.3d 1573, 1576 (11 Cir. 1995). Further, Legislative history supports the view that equitable remedies such as specific performance may be treated as claims.

Section [101(5)(B)] ... is intended to cause the liquidation or estimation of contingent rights of payment for which there may be an alternative equitable remedy with the result that the equitable remedy will be susceptible to being discharged in bankruptcy. For example, in some States, a judgment for specific performance may be satisfied by an alternative right to payment in the event performance is refused; in that event, the creditor entitled to specific performance would have a 'claim' for purposes of a proceeding under title 11. Since the breach of the contract at issue here gave rise to a right to payment under Florida law, Creditor holds a claim that was discharged in this bankruptcy case.

In the case of In ree Aslan, 65 B.R. 826 (Bankr. C.D. Cal. 1986), United States Bankruptcy Court, C.D. California, the bankruptcy court came to the same conclusion in the context of a Chapter 11 case, but the analysis can be applied to this case. The initial issue is not whether this case should be dismissed but whether rejection of an executory contract, where state law allows a remedy of specific performance, relieves the Debtor from the requirement to specifically perform the contract. In other words, if the Court were to allow rejection of the contract, the result would be that Creditor is left only with an unsecured pre-petition claim. The present case requires the Court to determine the effect of rejection of a contract when state law allows a breach of contract to be remedied by specific performance.

11 U.S.C. § 365(g) states that rejection of an executory contract constitutes a breach of that contract immediately before the date of filing of the petition. This provision does not deal with the remedies involved, but establishes the time that the breach is deemed to have occurred.

11 U.S.C. § 502(g) specifies that a "claim" arising from rejection of an executory contract shall be determined and allowed under §§ 502(a), 502(b) or 502(c), or should be disallowed under §§ 502(d), or 502(e), as if such claim had arisen before the date of filing of the petition. So if the breach of an executory contract creates a "claim," it is discharged.

11 U.S.C. § 101(11) defines the term "debt" to mean a liability on a claim.

11 U.S.C. § 101(4)(B) defines a "claim" in the case of an equitable remedy to exist only if the breach of performance gives rise to a right of payment. Nowhere in the definition of claim does it include an equitable remedy which does not give rise to a right of payment.  Because Creditor's claim is a debt subject to discharge, this is only a remedy the Debtor can get by filing this Chapter 7 case and it is not in bad faith.

Therefore, for the reasons stated herein, Creditor's Motion to Dismiss should be denied and the case should be allowed to proceed accordingly.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Response was served in the manner described below, on  September 1, 2019 , upon:

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1.

Via CM/ECF:

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Jason Slatkin, Esq. on behalf of Creditor Theodore Roberts
jslatkin@slatkinreynolds.com, imalcolm@slatkinreynolds.com;r53227@notify.bestcase.com

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;court@trusteeservices.biz;lilly@trusteeservices.biz

*Law Offices of*
NOWACK & OLSON, PLLC
Attorney for Debtor(s)
8551 Sunrise Blvd., Suite 208
Plantation, FL 33322
(954) 349-2265

/s/ Christian J. Olson
CHRISTIAN J. OLSON, ESQ.
Florida Bar Number: 121436