**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | **CASE NO. 19-19710-SMG** |
| **LOUIS TINO FISHER**, | Chapter 7 |
| Debtor. | |

**NOTICE OF FILING OF CREDITOR THEODORE ROBERTS' MOTION FOR IMPOSITION OF SANCTIONS AGAINST DEBTOR PURSUANT TO RULE 9011 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Creditor Theodore Roberts, by and through undersigned counsel, files *Creditor Theodore Roberts' Motion for Imposition of Sanctions Against Debtor Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure* (the "*Motion*"), served on Debtor on November 4, 2019. And with Debtor, having failed to take appropriate corrective action within the safe-harbor period provided by Rule 9011, Roberts files the attached *Motion* in accordance with the Rule.

Dated this 26th day of November 2019.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Theodore Roberts
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
jslatkin@slatkinreynolds.com

By: /s/ Jason E. Slatkin
　　Jason E. Slatkin, Esq.
　　Fla. Bar No: 040370

**Certificate of Service**

I hereby certify that a true copy of the foregoing has been furnished via CM/ECF to Christian J. Olson, Esq., attorney for Debtor, ecf@nowackolson.com, and U. S. Mail, first class, postage prepaid, to Lois Tino Fisher, 5440 NW 12th Court, Lauderhill, FL 33313 and American Express, Po Box 297871, Fort Lauderdale, FL 33329 26th day of November 2019.

　　　　　　　　　　　　　　　　/s/ Jason E. Slatkin
　　　　　　　　　　　　　　　　Jason E. Slatkin, Esq.

**SLATKIN & REYNOLDS, P.A.**
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 ● Telephone 954.745.5880

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                           **CASE NO. 19-19710-RBR**

**LOUIS TINO FISHER**,                           Chapter 7

    Debtor.

### CREDITOR THEODORE ROBERTS' MOTION FOR IMPOSITION OF SANCTIONS AGAINST DEBTOR PURSUANT TO RULE 9011 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Creditor, Theodore Roberts ("Roberts"), by and through undersigned counsel, files *Creditor Theodore Roberts' Motion for Imposition of Sanctions Against Debtor Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure* (the "*Motion for Sanctions*"), and as grounds therefore, Roberts states as follows:

1. On October 25, 2019, the Court granted Roberts' *Renewed Motion to Dismiss Case*, [ECF 24], finding that the bankruptcy case was filed in bad faith in that it was a two party dispute and because Debtor was seeking to collaterally attack a final state court judgment for specific performance in violation of the Rooker-Feldman doctrine, citing *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1285–86 (11th Cir. 2018) as authority for the Court's decision. *Order Dismissing Case*. [ECF 35].

2. Debtor, acting *pro se*, as a further attempt to unnecessarily hinder and delay Roberts' enforcement of the state court final judgment, filed his *Motion for Rehearing and Clarification* on November 1, 2019, (the "*Debtor's Motion*"), [ECF 38], seeking reconsideration of the *Order Dismissing Case*.

3. *Debtor's Motion* asserts three completely frivolous arguments in support thereof. First, Debtor contends that the automatic stay precludes Roberts from challenging Debtor's seeking bankruptcy protection. *Debtor's Motion* ¶ 1 at 1. This is preposterous. Section 707 of

the Bankruptcy Code, which is the statutory basis for Roberts' request for dismissal, specifically allows creditors to seek dismissal of a Chapter 7 case for cause, including bad faith.

4. Debtor's second argument is that the dispute between Debtor and Roberts is not a two-party dispute because there was an additional defendant named in the state court action for specific performance. *Debtor's Motion* ¶ 2 at 2. This, too, is absurd. The third party was not a debtor in bankruptcy. Rather, the only two active participants in Debtor's bankruptcy case were Debtor and Roberts. Moreover, despite amending his bankruptcy schedules a number of times, Debtor listed only Roberts and American Express as a creditor, with American Express being owed $754. This renders this case a text book two party dispute that bankruptcy courts routinely cite as grounds to dismiss a bankruptcy case.

5. Debtor's third argument is in actuality related to the second argument regarding the two-party dispute nature of the case. Debtor contends that because the state court judgment provides for a setoff for costs associated with seeking specific performance, that dismissal was improper. *Debtor's Motion* ¶ 3 at 3. But this overlooks the fact that the bankruptcy case was an impermissible bad faith filing in an attempt to resolve what is a two-party dispute. The fact that the state court final judgment provided for a set-off does not change this fact.

6. Accordingly, *Debtor's Motion* is utterly frivolous and as such, Roberts' requests that sanctions be imposed pursuant to Rule 9011, Fed.R.Bankr.P. (2019), which provides in relevant part that:

> [b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery…

Rule 9011(b).

7. If the court finds that subsection (b) was violated, it may impose sanctions, including monetary sanctions, against the offending party. Rule 9011(c)(2).

8. Roberts asserts that imposing monetary sanctions against Debtor for filing and failing to withdraw *Debtor's Motion* is called for in this case.

WHEREFORE, Roberts, by and through undersigned counsel, requests that this Honorable Court grant this *Motion for Sanctions* by awarding Roberts his attorneys' fees and costs incurred in connection with *Debtor's Motion* and grant Roberts any further relief this Honorable Court deems just and proper.

Dated this 4th day of November, 2019.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Theodore Roberts
One East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
jslatkin@slatkinreynolds.com

By: /s/ Jason E. Slatkin
Jason E. Slatkin, Esq.
Fla. Bar No: 040370

### Certificate of Service

I hereby certify that a true copy of the foregoing has been served on Louis Tino Fisher, at 5440 NW 12th Court, Lauderhill, FL 33313, on this 4th day of November, 2019, under cover of letter providing Debtor with the 21-day safe harbor provision within which to withdraw *Debtor's Motion*, as required by Rule 9011(c)(1)(A).

/s/ Jason E. Slatkin
Jason E. Slatkin, Esq.